Filed 08/19/25



VERMONT SUPERIOR COURT
Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 24-CV-02951

MCLP Asset Company, Inc. v. Vincent Wynn et al

# DECISION ON THE MOTIONS

This is a foreclosure action brought by MCLP Asset Company, Inc. against Vincent Wynn and The Woods At Killington Owners Association ("The Woods"). There are six pending motions before the Court. Plaintiff filed a motion for summary judgment and a clerk's accounting and a motion for judgment for foreclosure through judicial sale on May 13, 2025. The Woods filed a motion for summary judgment on its cross-claim against Mr. Wynn on June 12, 2025. Mr. Wynn filed a motion to dismiss on July 25, 2025. Plaintiff filed a motion to strike Mr. Wynn's opposition to its motion for summary judgment and a motion to strike Mr. Wynn's motion to dismiss on July 30, 2025. For the following reasons, the motions for judgment are DENIED, the motion to dismiss is DENIED, and the motions to strike are MOOT.

*The two motions for summary judgment and Plaintiff's motion for judgment*

Plaintiff and the Woods have both filed motions for summary judgment. They are denied for the same reasons. "Summary judgment is proper only where the material undisputed facts show that the moving party is entitled to judgment as a matter of law. The nonmoving party is entitled to all reasonable doubts and inferences. In determining whether there is a genuine issue of material fact, [the court] will accept as true the allegations made in opposition to the motion … so long as they are supported by affidavit or other evidentiary material." *Morisseau v. Hannaford Bros.,* 2016 VT 17, ¶ 12 (citations and quotations omitted); V.R.C.P. 56(a).

Pursuant to V.R.C.P. 80.1(g)(2), in foreclosure actions involving owner occupied residences, plaintiff's counsel is required to submit a certification of counsel. Counsel must certify that:

> On _____ (date) I **communicated with** _____ (name and title), a representative of plaintiff, who informed me that [he] [she] (a) has personally reviewed plaintiff's documents and records relating to this case; (b) has reviewed the summons and complaint and affidavits and other papers filed in this matter in support of foreclosure; and (c) has confirmed both the factual accuracy of these court filings and the accuracy of the notarizations contained therein.

(emphasis added). Here, Plaintiff's counsel filed a certificate that indicated he communicated by affidavit with a representative of Plaintiff. That is insufficient. A communication requires more than simply reviewing an affidavit from the Plaintiff. This is consistent with the Reporter's Notes added when 80.1(g) was amended in 2010:

> In these actions, subparagraph (2)(A) provides that judgment and decree will not issue or a sale will not be confirmed until plaintiff's counsel certifies, in a form set out in the amended rule, that counsel's communication with a plaintiff's representative, inspection of papers that have been filed, and other diligent inquiry have established the completeness and accuracy of all documents supporting the claim to the best of counsel's knowledge, information, and belief.

*Id.* The requirement of a communication with a plaintiff's representative is distinct and separate from an inspection of papers, such as reviewing an affidavit. The certification by Plaintiff's counsel does not meet the requirements of V.R.C.P. 80.1(g)(2). The court is prohibited from issuing a judgment and decree of foreclosure until plaintiff's counsel has submitted a certification compliant with the rule. *Id.* As such, plaintiff is not entitled to summary judgment. Similarly, The Woods' motion for summary judgment must be denied because no certification of counsel was submitted with the motion.

Plaintiff argues the court should not consider the arguments raised in Mr. Wynn's opposition to its motion for summary judgment because the response was untimely. The court agrees that the response was untimely. However, it is still the plaintiff's burden to show it is entitled to judgment as a matter of law. V.R.C.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). As noted above, Plaintiff has failed to do so, regardless of the timeliness of Mr. Wynn's response.

*The motion to dismiss*

Mr. Wynn has moved to dismiss this action due to Plaintiff's failure to include a certification of counsel compliant with V.R.C.P. 80.1(g). He relies upon V.R.C.P. 41(b)(2), which states, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." The court has discretion in whether to grant a motion to dismiss under this rule. *Bank of New York Mellon v. Johnston,* 2021 WL 4817781, at *3 (Vt. Oct. 15, 2021). "Motions to dismiss are generally disfavored." *Davis v. American Legion, Dept. of Vermont,* 2014 VT 134, ¶ 12. Plaintiff's failure to submit a certification compliant with V.R.C.P. 80.1(g) is not grounds for dismissal. The Rule already has a remedy for failure to submit a compliant certification: the court cannot issue judgment. *Id.* This implies that a failure to submit a compliant certification can be remedied with a new certification. As such, dismissal is not appropriate. The proper remedy for Plaintiff's failure to include a compliant certification is to deny the motion for summary judgment and allow them to refile with the appropriate certification.

*The motions to strike*

Give the rulings above, the motions to strike are moot.

Conclusion

Motions 6, 7, 8, and 9 are DENIED. Motions 10 and 11 are MOOT. Parties shall file any additional motions for judgment no later than September 18, 2025.

Electronically signed on August 19, 2025 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*

Alexander N. Burke
Superior Court Judge